THE PEOPLE v. HARRY B. BENNETT AND NORMAN H. WILLIAMS.

*Nuisance—Municipal ordinance—Depositing refuse in public place.*

1. Where a city ordinance prohibits the depositing of refuse matter in alleys, and also provides for its removal by the owner of the lot adjoining such alley within twenty-four hours after being notified so to do by the proper officer, a violation of the ordinance exists when the act prohibited is committed, which is not cured by a compliance with the order of removal, which is designed to secure the abatement of the nuisance created by such unlawful act.

2. A city ordinance prohibiting the accumulation by livery-stable keepers of more than two cart-loads of manure in or near their stables and stable-yards, during certain months, is held not to recognize their right to deposit manure in the adjacent alleys.

*Certiorari* to recorder's court of Detroit. (Chambers, J.) Argued November 11, 1890. Decided December 5, 1889.

*Certiorari* to review conviction of respondents under city ordinance for depositing manure in an alley. Affirmed. The facts are stated in the opinion.

*Barbour & Rexford,* for respondents.

*Charles W. Casgrain* and *Charles S. McDonald,* for the people.

CAHILL, J. A complaint was filed in the recorder's court of Detroit alleging that defendants on June 13, 1890, in an alley in the block bounded by Woodward and Grand River avenues and State and Griswold streets, did unlawfully and willfully throw, place, deposit, and leave in said alley manure and other substances, to the

evil example of others, and contrary to the provisions of section 1, chapter 60 of the Revised Ordinances of 1890, which reads as follows:

"No person shall himself, or by another, throw, place, deposit, or leave in any street, highway, lane, alley, public place, or square, or in any private place or premises, any animal or vegetable substance, dead animal, fish, shells, shavings, paper, dirt, rubbish, excrement, filth, ordure, slops, unclean or nauseous water, liquor, or gaseous fluids, hay, straw, soot, offal, garbage, or any other article or substance whatever. In the case of any alley where any substance above named shall exist, be or have been deposited, it shall be · the duty of every owner or occupant of any lot or premises, within · twenty-four hours after having been notified by the superintendent of police so to do, to remove from the half of said alley adjoining such lot or premises all such substances."

The trial was had in the recorder's court before the Hon. Fitzwilliam H. Chambers, associate judge, without a jury, who found the respondents guilty, and ordered that they each pay a fine of $12.50 within 20 days, and, in default thereof, that they stand committed to the Detroit House of Correction until such fine and costs · of commitment ($1) be paid, provided such terms of imprisonment shall not exceed 10 days. The record of such trial and conviction is brought to this Court by writ of *certiorari*, alleging that the judgment of the recorder's court is erroneous for the reason, among others, that there was an entire absence of proof warranting such judgment as to said defendants, or either of them. In return to said writ, all of the proceedings, including the testimony taken on the trial, are before us. It is urged against this conviction:

1. That, to sustain the conviction, it was necessary to show that the defendants had been notified to remove the manure from the half of the alley adjoining the premises occupied by them, and that they had neglected so to

do for 24 hours after the receipt of the notice. No such notice was shown. But the prohibition of the ordinance is against depositing the objectional article in the alley at all, and a violation exists when the act prohibited is committed. The latter clause of the section is intended to accomplish the abatement of the nuisance, and a compliance with the order for removal would not relieve from a penalty incurred by a violation of the first part of the section.

2. It is claimed that section 1 has no application to defendants' case. The evidence shows that they are keepers of a livery stable, and that on June 31, 1890, when the alleged offense was committed, an inspection of their premises by the policeman who made the complaint, and by the other witnesses who were sworn for the people, showed that there were two piles of manure in the alley in rear of their premises, estimated by the witnesses at a couple of loads. There was no evidence on the part of the people as to how long the manure had been there. Section 6 of the same chapter of the Revised Ordinances is as follows:

"The keeper of any livery or other stable shall keep the stable and stable-yard clean, and shall not permit, between the first day of June and the first day of November, more than two cart-loads of manure to accumulate in or near the same at any one time."

It is said that the passage of section 6 indicates a clear purpose to except those engaged in the livery-stable business from the operation of section 1, so far as the depositing of manure in quantities not exceeding two cart-loads at one time is concerned; that there was no evidence tending to show any violation by the defendants of this section, even if they were charged in the complaint with a violation of it, which they were not. But it will be noticed that section 6 relates only to stables and stable-

yards, and recognizes no right to deposit manure in alleys, and we do not think defendants can justify under that section.

3. Proof was received, under objection, to show that the manure piles were offensive to those occupying premises adjacent. I cannot see how this testimony was material; but as the case was being tried before the court without a jury, and the evidence was ample to justify the judgment, and was uncontradicted, I cannot see how it could have affected the result.

The judgment is affirmed.

The other Justices concurred.